Bernard J. CARVAHLO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16910.

United States Court of Appeals
District of Columbia Circuit.

Argued June 1, 1962.

Decided June 28, 1962.

Mr. John L. Kilcullen, Washington, D. C., for appellant.

Mr. Barry Sidman, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Nathan J. Paulson and Alfred Hantman, Asst. U. S. Attys., were on the brief, for appellee. Mr. Daniel A. Rezneck, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

The defendant, Carvahlo, appeals his conviction for violation of 18 U.S.C. § 1010. The indictment charges that for the purpose of obtaining a loan and advance of credit from the Union Trust Company, with the intent that such loan and advance should be offered to and accepted by the Federal Housing Administration for insurance, defendant passed, uttered and published, or caused to be passed, uttered and published, to the Assistant Treasurer of the trust company, a falsely made credit application for a property improvement loan, which application contained false and fraudulent representations, to wit, that the loan applicant was one Violet M. Terpstra and that she had purchased the residence 3424 Texas Avenue, S. E., Washington, D. C., which statements the defendant knew to be false and fraudulent.

Briefly stated, the facts are that Miss Terpstra, at the request of the defendant, took title to the said property on June 10, 1958, and on that date executed promissory notes securing practically all of the purchase money, which was in fact $21,500. At the time she entered into this transaction, as well as when she entered into all later transactions discussed *infra,* Miss Terpstra knew what she was' doing; she was not in any way deceived into thinking she was performing one action when she was in fact performing another. This differentiates this case from Cohen v. United States, 178 F.2d 588 (6th Cir. 1947), cert. denied, 339 U.S. 920, 70 S.Ct. 623, 94 L.Ed. 1344.

In February 1959, again at the request of the defendant, Miss Terpstra signed an application for a property improve-

ment loan on the property, in which she signed her name as applicant. The application, printed in standard blank form, read in pertinent part as follows:

"Is Owned by _____ (Name of Titleholder) Date Purchased _____ [Emphasis added] Price Paid $_____"

This line was filled in as follows:

"Is Owned by Violet M. Terpstra _____ (Name of Titleholder) Date Purchased 5/58 Price Paid $21,500"

The loan was granted on the security of the property and also on the credit rating of Miss Terpstra. (The record discloses that the defendant's credit standing was bad.) Because it later developed that an amount of money equivalent to the amount of the loan was not applied to the improvement of the property, and because there was default in payment of the installments due on the loan, the Federal Housing Administration was called upon to make good its guarantee of the loan.

Bearing in mind Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., which provides that "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged," it is hard to see how the defendant could possibly be found guilty of making false statements in the application or causing them to be made.[1] The facts as stated on the application were correct. Had the application contained language seeking the owner of any equity in the title to the property, and had false statements been made in that connection, a different situation might have arisen. The fact is that the improvement loan was extended on the value of the property for which the improvements were intended and on the credit of the borrower. The property on which the loan was made is the same as disclosed in the application, and there is no question but that the borrower, Miss Terpstra, was a much more financially responsible person than was the defendant. As a matter of fact, at the present time she is paying back in installments to the Federal Housing Administration the amount which it was compelled to make good.

It is not unusual for property to be taken in the name of a person other than the real owner. There are, at times, proper reasons for this. The Government, the guarantor of the improvement loan, got what it bargained for: the house as security, and the credit responsibility of the actual applicant for the loan.[2] The fact that some time later certain irregularities arose with respect to the use of the money advanced by the loan has nothing whatsoever to do with this case. Perhaps an indictment for some other offense might have been obtained; but it is not necessary for us to go into that. Suffice it to say that the indictment as drawn is not sufficient to justify the conviction on the evidence adduced, and the defendant's motion for a judgment of acquittal, made at the

1. It may be noted that had defendant demanded of Miss Terpstra transfer of the title to the property to himself, she could well have refused such transfer until her name was removed from the notes secured by deeds of trust on the property.

2. At the risk of being redundant, we again point out that at the time Miss Terpstra signed the application she knew what she was doing, and she knew that by so signing she was pledging her credit in order to obtain the loan. If she was mistaken in any respect at all, it was only as to defendant's financial ability to make the installment payments, a factor which is immaterial as far as the offense charged in the indictment is concerned.

close of the case, should have been granted.

The loss to the lender and the Federal Housing Administration could no doubt have been avoided had the lender seen to the proper application of the proceeds of the improvement loan.

Reversed with directions to enter a judgment of acquittal.